# United States District Court

**SOUTHERN** **DISTRICT OF** **NEW YORK**

PHOEBE HOBAN,
      Plaintiff,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

LEONHARD EMMERLING, TASCHEN GmbH, TASCHEN AMERICA, LLC, BARNES & NOBLE, INC. BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM LLC, BORDERS, INC. and JOHN DOES 1-10.

**05 CV 7401**

**JUDGE MUKASEY**

TO: (Name and address of defendant)

See Attached List

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MARK WARREN MOODY, ESQUIRE
42 East 64th Street
New York, New York 10021
212-838-4811

an answer to the complaint which is herewith served upon you, within _____thirty (30)_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

AUG 22 2005

DATE

(BY) DEPUTY CLERK

## DEFENDANTS' ADDRESSES

Leonhard Emmerling
Presently Unknown

Taschen GmbH
Hohenzollernring 53
D-50672 Köln, Germany

Taschen America, LLC
6671 Sunset Blvd.
Suite 1508
Los Angeles, CA 90028

Barnes & Noble, Inc
BarnesandNoble,com Inc
BarnesandNoble.com LLC
122 5th Avenue
New York, New York 10011-5602

Borders, Inc.
100 Phoenix Dr
Ann Arbor, Michigan, 48108

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PHOEBE HOBAN,

               Plaintiff,

    -against-

LEONHARD EMMERLING, TASCHEN GmbH,
TASCHEN AMERICA, LLC, BARNES & NOBLE,
INC., BARNESANDNOBLE.COM INC.,
BARNESANDNOBLE.COM LLC, BORDERS, INC.
and JOHN DOES 1-50,

               Defendants.
------------------------------------------------------------X

05 CV 7401 Case No.

**COMPLAINT**
JURY TRIAL DEMANDED



      Plaintiff PHOEBE HOBAN, by her attorney, MARK WARREN MOODY, ESQUIRE, as and for her Complaint against defendants, alleges as follows:

### JURISDICTION

    1.    This action arises under 17 U.S.C. § 101, *et seq.* (the "Copyright Act") for defendants' violation of plaintiff's copyright and under 15 U.S.C. § 1125(a) for defendants' false designation/attribution which was designed to mislead the public.

    2.    The court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

    3.    Injunctive relief, statutory and/or actual damages are sought pursuant to 17 U.S.C. §§ 502-504 and 15 U.S.C. § 1125(a).

    4.    Costs and plaintiff's attorneys' fees are sought pursuant to 17 U.S.C. § 505.

### VENUE

    5.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) since a substantial

part of the events or omissions giving rise to plaintiff's claims occurred in this judicial district.

## PARTIES

6.  Plaintiff PHOEBE HOBAN is a United States citizen and a resident of the City, County and State of New York.

7.  Plaintiff has written about culture and the arts for the New York Times, New York Magazine, Vogue, Vanity Fair, GQ, Harper's Bazaar and others.

8.  Plaintiff is the author of: "Basquiat. A Quick Killing in Art" (hereinafter: "Plaintiff's Basquiat").

9.  Plaintiff is the owner of copyright registration TX-4-854-655 for Plaintiff's Basquiat, registered with the United States Copyright office on September 18, 1998 (See Exhibit 1 annexed hereto).

10. Upon information and belief, defendant LEONHARD EMMERLING is a citizen and resident of Germany.

11. Mr. Emmerling is the author of a book entitled: "Basquiat" (hereinafter "Emmerling's Basquiat").

12. Emmerling's Basquiat was published in 2003.

13. Upon information and belief, defendant TASCHEN GmbH (hereinafter: "Taschen Germany") is a German business entity organized under the laws of Germany.

14. Upon information and belief, Taschen Germany published and distributed Emmerling's Basquiat throughout the United States of America and in other foreign companies.

15. Upon information and belief, defendant TASCHEN AMERICA, LLC

(hereinafter: "Taschen USA") is a limited liability company organized under the laws of the State of Delaware which is authorized to do business in the State of New York.

16. Upon information and belief, Taschen USA published and distributed Emmerling's Basquiat throughout the United States of America.

17. Upon information and belief, defendant BARNES & NOBLE, INC. ("B&NInc.") is a corporation organized under the laws of the state of Delaware, authorized to do business in New York, with its principal place of business in New York City.

18. Upon information and belief, B&NInc. is a retailer of books.

19. Upon information and belief, B&NInc. has sold Plaintiff's Basquiat and Emmerling's Basquiat.

20. Upon information and belief, defendants BARNESANDNOBLE.COM INC. and BARNESANDNOBLE.COM LLC (collectively "B&NOnline") are business entities organized under the laws of the state of Delaware that are authorized to do business in New York with principal places of business in New York City.

21. Upon information and belief, B&NOnline is a retailer of books.

22. Upon information and belief, B&NOnline has sold Plaintiff's Basquiat and Emmerling's Basquiat.

23. Upon information and belief, defendant BORDERS, INC. ("Borders") is a corporation organized under the laws of the state of Delaware, authorized to do business in New York, with multiple retail outlets in New York City.

24. Upon information and belief, Borders is a retailer of books.

25. Upon information and belief, Borders has sold Plaintiff's Basquiat and Emmerling's Basquiat.

26. JOHN DOES 1-50, upon information and belief, are individuals and/or entities, related to the facts, allegations and causes of action, presently unnamed but who may be named as additional defendants as a result of discovery, investigation or other legal endeavors directed at, <u>inter alia</u>, the assessment of their respective or joint liabilities.

## NATURE OF THE ACTION

27. This action involves the surreptitious and *admitted* theft of significant portions of Plaintiff's Basquiat by Mr. Emmerling which was reproduced, often verbatim, in Emmerling's Basquiat.

28. Page by page, Mr. Emmerling condensed Plaintiff's Basquiat, a three hundred and forty four (344) page book, into his own substantially similar book of ninety one (91) pages, of which approximately thirty three (33) contain text[1] substantially similar to that in Plaintiff's Basquiat, in violation of United States copyright laws.

## FACTUAL BACKGROUND TO THIS ACTION

29. Plaintiff's Basquiat was published by Viking in 1998.

30. Plaintiff's Basquiat was reprinted five (5) times.

31. A revised edition with a new afterword has been reprinted twice.

32. In or about July, 2004, plaintiff obtained a copy of Emmerling's Basquiat.

---

[1] The remainder of the pages in Emmerling's Basquiat are reproductions of Basquiat's paintings.

A.     **Mr. Emmerling Plagiarizes Ms. Hoban's Structure.**

33.    Much of plaintiff's original material from her own book, including Mr. Emmerling's structural and organizational decisions and a great deal of significant source material and quotation was lifted by Defendant Emmerling directly from Plaintiff's Basquiat into Emmerling's Basquiat, as follows:

i.     both books curiously *begin* with Basquiat's death;

ii.    following the description of Basquiat's death, both books place Basquiat within a similarly described contextual art-historical background, referencing Pop Art, Concept Art and Minimal Art as well as many of the same artists in these genres, viz. Roy Lichtenstein, Claes Oldenburg and Robert Rauschenberg;

iii.   thereafter, Emmerling's Basquiat (beginning of Chapter 2, p.10, entitled "Samo As A Neo Art Form") like Plaintiff's Basquiat (beginning of Chapter 3, p.16, entitled "Samo is Born") describes Basquiat's birth and family background almost identically;

iv.    the remainder of Emmerling's Basquiat's Chapter 3 set forth a series of facts - almost identically organized to the same facts laid out in Plaintiff's Basquiat's Chapters 3 and 4; and

v.     the rest of the two books follow a pattern of presentation and organization that is substantially similar, culminating - peculiarly - with a description of Basquiat's work that relates specifically to "African Rock" painting which appears on page 80 of Emmerling's Basquiat and on page 337 of Plaintiff's Basquiat.

B.   **Certain Specific Examples of Defendant Emmerling's Plagiarism.**

34.   Describing Basquiat's SAMO writings which were displayed in myriad places in lower Manhattan, Defendant Emmerling recounts, in a substantially similar manner as Ms. Hoban did, that the SAMO writings appeared on the Brooklyn Bridge, around Mary Boone's Gallery and at the School of Visual Arts.

35.   Immediately following the foregoing, on page 12 of Emmerling's Basquiat, Ms. Hoban's entirely original compilation of SAMO writings, culled together in specific order on page 28 of Plaintiff's Basquiat is repeated verbatim by Defendant Emmerling.

36.   Later on page 12 of Emmerling's Basquiat, identical language to that which appears on page 34 of Plaintiff's Basquiat appears.

37.   The remainder of pages 12-14 of Emmerling's Basquiat condenses Chapter 5 of plaintiff's Basquiat and identical language utilized on pages 42-44, 47 and 49 of Plaintiff's Basquiat appears on page 14 of Emmerling's Basquiat.

38.   On page 16 of Emmerling's Basquiat there is a nearly identical paragraph to one which appears on page 37 of Plaintiff's Basquiat concerning Jeffrey Deitch.

39.   Defendant Emmerling wrongly attributes Jeffrey Deitch's language copied from Plaintiff's Basquiat as written by Jeffrey Deitch. The language was not written, it was spoken, and was culled from a book called New, Used and Improved by Peter Frank and Michael McKenzie.

40.   On page 25 of Emmerling's Basquiat, a paragraph concerning Alana Heiss ("Heiss paragraph") is nearly identical to a paragraph appearing on pages 67-68 of Plaintiff's

Basquiat.

41. In both Plaintiff's and Emmerling's Basquiat, in the paragraph immediately following the Heiss paragraph is a reference to the painter Sandro Chia.

42. On page 26 of Emmerling's Basquiat, the relationship between Basquiat and one of his dealers Annina Nosei is described by Defendant Emmerling as an "unorthodox arrangement" just as Plaintiff described it on page 77 of her book.

43. On page 29 of Emmerling's Basquiat, there is identical language to that which appears on pages 89 of Plaintiff's Basquiat.

44. On page 55 of Emmerling's Basquiat, Basquiat is described as an "angry young artist" just as he is on page 116 of Plaintiff's Basquiat. This language is presented in two virtually identically worded and structured paragraphs.

45. In Plaintiff's Basquiat, the foregoing identical language ends Chapter Ten. Chapter 11 (pages 111-130), entitled "Go-Going With Larry" concerns art dealer Larry Gagosian. Similarly, in Emmerling's Basquiat, the paragraph immediately following the paragraph described in ¶45, supra, concerns Larry Gagosian.

46. On page 57 of Emmerling's Basquiat, there is identical language to that which appears on pages 136 and 140 of Plaintiff's Basquiat.

47. Page 57 of Emmerling's Basquiat is a purposeful truncation, with an almost identical ordering of factual material, of pages 136-140 of Plaintiff's Basquiat.

48. On page 58 of Emmerling's Basquiat, there is identical language to that which appears on page 140 of Plaintiff's Basquiat.

49. On page 64 of Emmerling's Basquiat, there is identical language to that which appears on pages 207, 232 and 234 of Plaintiff's Basquiat.

50. On page 68 of Emmerling's Basquiat, there is identical language to that which appears on page 237 of Plaintiff's Basquiat.

51. On page 70 of Emmerling's Basquiat, there is identical language to that which appears on page 262 of Plaintiff's Basquiat.

52. On page 71 of Emmerling's Basquiat, there is identical language to that which appears on page 265 of Plaintiff's Basquiat.

53. On page 72 of Emmerling's Basquiat there is identical language to that which appears on pages 268 and 269 of Plaintiff's Basquiat.

54. The language that ends Chapter 6 of Emmerling's Basquiat (page 72) also ends Chapter 23 of Plaintiff's Basquiat (page 269).

55. On page 76 of Emmerling's Basquiat there is identical language to that which appears on pages 301-302 of Plaintiff's Basquiat.

56. There are numerous additional examples of direct plagiarism, including Defendant Emmerling's transcription and copying of plaintiff's own errors, but such additional examples are too numerous to recite herein.

**C. <u>Defendant Emmerling's Deliberately False Attribution</u>.**

57. In a deliberate and bad faith effort to convey and further the marketability of his own book, on page 79, Defendant Emmerling states: "Little talk or text has been devoted to Basquiat's work since the mid-1990s."

58. However, plaintiff's book was first published in 1998 and has been described as the definitive biography of Basquiat.

59. Although Emmerling's Basquiat contains a bibliography, there is no attribution to Plaintiff's Basquiat.

60. Plaintiff contacted Taschen Germany and Taschen USA to complain about Defendant Emmerling's plagiarism.

61. On October 12, 2004, Taschen Germany acknowledged that Defendant Emmerling had copied from Plaintiff's Basquiat, stating:

> "Meanwhile I had the chance to discuss the problem with [Defendant Emmerling] ... He told me that *he has taken* a few short quotes from your book, translating them directly into German, because he wrote his manuscript in German. He is very sorry not having mentioned your book as the source of them. [emphases supplied]" (Exhibit 2)

62. As a result, Taschen Germany offered to pay plaintiff a one thousand dollar ($1,000.00) "copyright fee" (Exhibit 2).

63. Plaintiff decided not to accept Taschen Germany's offer and on May 16, 2005 informed Defendant Emmerling, Taschen Germany and Taschen America of her decision.

64. Since October 12, 2004 Taschen America and Taschen Germany have wilfully infringed plaintiff's copyright in Plaintiff's Basquiat.

65. Upon information and belief, Taschen Germany and Taschen USA timed the publication of Emmerling's Basquiat to coincide with a major retrospective at the Brooklyn Museum of Art which ran between March and June, 2005 and is currently showing at the Museum of Contemporary Art in Los Angeles ("MOCA") until October 10, 2005.

66. To this end, Taschen Germany and Taschen USA bought considerable "real

estate" in both museums' book stores for Emmerling's Basquiat, including a cashier stand at the MOCA store.

67. As a direct and proximate result of the foregoing, sales of Plaintiff's Basquiat have been dramatically and substantially inhibited and decreased.

## FIRST CAUSE OF ACTION
### (Copyright Infringement Damages - Copyright Act § 504)

68. Plaintiff repeats and realleges the foregoing allegations as if they were fully set forth herein.

69. The foregoing plagiarism by Defendant Emmerling constitutes copyright infringement in violation of the Copyright Act § 504.

70. Emmerling's Basquiat usurps plaintiff's audience and market.

71. Plaintiff is entitled, pursuant to the Copyright Act § 504(b), to recover her actual damages as well as profits made by Taschen America, Taschen GmbH, Defendant Emmerling and all retailers who have sold Emmerling's Basquiat.

72. Plaintiff's actual damages will be proven at trial, but in no event shall be less than $100,000.00.

73. Plaintiff is currently unaware of the *quantum* of profits of the aforementioned profiteers from Emmerling's Basquiat, but reasonably believes that it is in excess of $100,000.00.

74. Plaintiff is also entitled, pursuant to the Copyright Act § 505 to recover the costs and attorneys' fees incurred in connection with prosecuting this action in an amount to be proven.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Designation of Origin - Lanham Act, 15 USCA § 1125(a))

75. Plaintiff repeats and realleges the foregoing allegations.

76. Defendant Emmerling, having copied the majority of Emmerling's Basquiat from Plaintiff's Basquiat, deliberately and intentionally chose not to

77. Taschen Germany, on behalf of Defendant Emmerling, has admitted that Defendant Emmerling failed to appropriately attribute Plaintiff's Basquiat as a source.

78. As a direct and proximate result of the foregoing, plaintiff has been damaged in an amount to be proven at trial, but in no event less than Two Hundred Thousand Dollars ($200,000.00) together with the costs and reasonable attorneys' fees incurred by plaintiff in this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Derivative Work - Copyright Act §§ 106(2) and 504)

79. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

80. As set forth above, Emmerling's Basquiat is substantially similar to Plaintiff's Basquiat.

81. Emmerling's Basquiat limits and precludes plaintiff's ability to create a derivative work from Plaintiff's Basquiat in violation of the Copyright Act § 106(2).

82. As a direct and proximate result of the foregoing, plaintiff has been damaged in an amount to be proven at trial but in no event less than Two Hundred Thousand Dollars ($200,000.00) together with the costs and reasonable attorneys' fees incurred by plaintiff in this

action.

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

a.  Judgment on the First Cause of Action against defendants in an amount to be proven at trial, but in no event less than Two Hundred Thousand Dollars ($200,000.00), plus the attorneys' fees and costs incurred in this action;

b.  Judgment on the Second Cause of Action against defendants in an amount to be proven at trial, but in no event less than Two Hundred Thousand Dollars ($200,000.00), plus the attorneys' fees and costs incurred in this action;

c.  Judgment on the Third Cause of Action against defendants in an amount to be proven at trial, but in no event less than Two Hundred Thousand Dollars ($200,000.00), plus the attorneys' fees and costs incurred in this action; and

d.  granting to plaintiff such other and further relief as to this Court seems just and proper, together with costs and disbursements of this action and reasonable attorneys' fees.

Dated:   New York, New York
         August 22, 2005

Respectfully submitted,

MARK WARREN MOODY, ESQUIRE
(MWM 3742)
Attorney for Plaintiff
42 East 64th Street
New York, New York 10021
Tel:   (212) 838-4811
Fax:   (212) 838-4869

Index No.                                Year
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHOEBE HOBAN,

                                    Plaintiff,

-against-

LEONHARD EMMERLING, TASCHEN GmbH, TASCHEN AMERICA, LLC, BARNES & NOBLE, INC., BARNESANDNOBLE.COM INC., BARNESANDNOBLE LLC, BORDERS, INC. and JOHN DOES 1-10.

SUMMONS & COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

**MARK WARREN MOODY, ESQUIRE**
Attorney for Plaintiff

*Office and Post Office Address, Telephone*
42 East 64th Street
New York, New York 10021
212.838.4811

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

═══ NOTICE OF ENTRY ═══

PLEASE take notice that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within named court on

Dated,
                    Yours, etc.

*Attorney for*

*Office and Post Office Address*

To

Attorney(s) for

═══ NOTICE OF SETTLEMENT ═══

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at on at
Dated,
                    Yours, etc.

*Attorney for*

*Office and Post Office Address*

To

Attorney(s) for